**SO ORDERED.**

**SIGNED December 22, 2006.**



_____
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

```
                UNITED STATES BANKRUPTCY COURT
                 WESTERN DISTRICT OF LOUISIANA


IN RE:

DONALD JAMES VIDALIER                       CASE NO. 06-50205

    Debtor                                  CHAPTER 13

------------------------------------------------------------------
                       REASONS FOR DECISION
------------------------------------------------------------------
```

Donald James Vidalier ("Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on April 7, 2006. Keith A. Rodriguez ("Trustee") is the standing chapter 13 trustee. The Internal Revenue Service ("IRS") has filed a proof of claim in the amount of $124,304.05. An amended claim as subsequently filed asserted unsecured priority claims in the total amount of $43,569.77 and unsecured non-priority claims in the total amount of $80,734.28. The Debtor has filed an Objection to Claim claiming that the IRS claim is excessive. A hearing on the

Objection to Claim was held on October 18, 2006 at which time the matter was taken under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## DISCUSSION

The basis for the dispute between the parties is the filing status for the Debtor. The Debtor's wife passed away on December 12, 2005. On April 7, 2006, the Debtor filed tax returns for the 2000, 2001, 2002, 2003, 2004 and 2005 tax years using the married filing jointly status. The Debtor asserts that since he and his wife shared household income and expenses, he was entitled to file the returns for 2000-2005 using this status. The IRS asserts that the Debtor is only entitled to file the return on behalf of Mrs. Vidalier for tax year 2005 as that is the year she passed away. The IRS also points out that, even though the Debtor filed joint

returns, the Debtor did not report income earned by his spouse during 2000, 2001, 2002, 2003, and 2004.

The court agrees with the IRS. 26 USC §6013(a) provides that:

A husband and wife may make a single return jointly of income taxes under subtitle A, even though one of the spouses has neither gross income nor deductions, except as provided below:

> (1) no joint return shall be made if either the husband or wife at any time during the taxable year is a nonresident alien;
>
> (2) no joint return shall be made if the husband and wife have different taxable years; except that if such taxable years begin on the same day and end on different days because of the death of either or both, then the joint return may be made with respect to the taxable year of each. The above exception shall not apply if the surviving spouse remarries before the close of his taxable year, nor if the taxable year of either spouse is a fractional part of a year under section 443(a)(1);
>
> (3) in the case of death of one spouse or both spouses the joint return with respect to the decedent may be made only by his executor or administrator; **except that in the case of the death of one spouse the joint return may be made by the surviving spouse with respect to both himself and the decedent if no return for the taxable year has been made by the decedent, no executor or administrator has been appointed, and no executor or administrator is appointed before the last day prescribed by law for filing the return of the surviving spouse.** If an executor or administrator of the decedent is appointed after the making of the joint return by the surviving spouse, the executor or administrator may disaffirm such joint return

> by making, within 1 year after the last day prescribed by law for filing the return of the surviving spouse, a separate return for the taxable year of the decedent with respect to which the joint return was made, in which case the return made by the survivor shall constitute his separate return.

(Emphasis Added).

The language of the statute clearly indicates that the ability of a surviving spouse to file a joint return is limited to the tax year during which the decedent passed away. Here, since Mrs. Vidalier passed away in December 2005, this provision allows the Debtor to file a joint return for the 2005 tax year, not 2000-2004. Furthermore, the Debtor cannot claim that he intended to file joint returns reflecting the income of both spouses given that he omitted Mrs. Vidalier's income for 2000, 2001, 20002, 2003, and 2004. The Debtor cannot take advantage of the more favorable tax rate without including the reported income of both spouses.

Based upon the foregoing, the court finds that the Debtor is not entitled to claim the married filing jointly status for tax years 2000, 2001, 2002, 2003, and 2004. As such the Debtor has failed to state any basis to reduce to the amended proof of claim of the IRS. The Objection to Claim, as well as the Amended Objection to Claim, are DENIED. A separate order in conformity with the foregoing reasons has this day been entered into the record of this proceeding.

###

Page 4

06-50205 - #36 File 12/22/06 Enter 12/22/06 11:15:50 Main Document Pg 4 of 4